**11**
Law Offices of Peter G. Macaluso
Peter G. Macaluso #215730
7230 South Land Park Drive, Suite 127
Sacramento, CA 95831
916-392-6591
916-392-6590 Facsimile

Attorney for Plaintiffs
Van C. and Kathleen J. Gordon

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO

| | |
|---|---|
| IN THE MATTER OF | CASE NO. 09-22754-D-13L |
| VAN C. GORDON<br>KATHLEEN J. GORDON<br><br>　　　　Debtors,　　／ | |
| VAN C. GORDON<br><br>KATHLEEN J. GORDON<br><br>　　　　Plaintiffs,<br>v. | |
| U.S. BANK N.A., in its capacity as Trustee for the registered holders of Home Equity Mortgage Trust Series 2005-5, Home Equity Mortgage Pass-Through Certificates, Series 2005-5,<br><br>　　　　Defendant.　／ | **ADVERSARY COMPLAINT FOR**<br><br>**1. DECLARATORY RELIEF TO DETERMINE VALUE AND EXTENT OF LIEN**<br>**2. EXTINGUISHMENT OF THE SECOND DEED OF TRUST CLAIM**<br>**3. VIOLATION OF C.C.C. 2941(d)**<br>**4. BREACH OF CONTRACT**<br>**5. ATTORNEY FEES AND COSTS** |

COMES NOW VAN C. AND KATHLEEN J. GORDON, Plaintiffs in the instant adversary proceeding and Debtors in the underlying Chapter 13 bankruptcy case ("Plaintiffs" and/or "Debtors"), by and through their attorney of record, Peter G. Macaluso, and allege as follows:

**I.  ALLEGATIONS OF JURISDICTION AND VENUE**

1. Plaintiffs filed a petition for relief under Chapter 7 of the Bankruptcy Code, case number 08-28681, on June 27, 2008, and received a discharge on October 14, 2008 (*see* Exhibit 1: Discharge of Debtor).

2. Plaintiffs filed a petition for relief under Chapter 13 of the Bankruptcy Code on February 18, 2009, in case number 09-22754.

3. This adversary proceeding is brought in connection with Plaintiffs' underlying bankruptcy case under Chapter 13 of Title 11, case number 09-22754.

4. In this matter, Plaintiffs received confirmation of a Chapter 13 Plan on April 22, 2009, and completed their Plan on March 25, 2013.

5. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157 and 1334. The complaint, as set forth herein, involves the voiding of the secured status of a claim pursuant to 11 U.S.C. § 506, and as such constitutes a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(K) & (L).

6. Plaintiffs contend that the cause of action pursuant to the California Civil Code in this matter is part of the core proceeding, as it would only arise but for the initial order to value the collateral, as well as the resulting confirmed and completed Chapter 13 Plan.

7. Plaintiffs further contend that the cause of action pursuant to the California Civil Code in this matter is not preempted by the bankruptcy code, as the bankruptcy code does not

provide a specific remedy at the time of this complaint being filed, as the lien removal is a State law by-product of the Bankruptcy Court's determination that the Defendant's security was rendered void at the completion of the Plan.

8. To the extent that any part of this matter is deemed non-core, Plaintiffs consent to this Court in rendering final judgment.

**II. GENERAL ALLEGATIONS**

9. Plaintiffs' bankruptcy schedules state that the Plaintiffs' residence, commonly known as 2187 Sherington Way, Sacramento, California 95835 ("Subject Property"), had a fair market value of $285,000.00 as of the date their Chapter 13 case was filed.

10. There exists a first-position Note and Deed of Trust recorded in favor of $386,567.64 ("Senior Lien-Holder"). Pursuant to the Senior Lien-Holder's claim in the underlying case, the amount owing to the Senior Lien-Holder was $386,567.64 as of the date their Chapter 13 case was filed.

11. With a fair market value of $285,000.00, there is no equity value in excess of the first-position Note and Deed of Trust.

12. The Defendant, U.S. Bank N.A., in its capacity as Trustee for the registered holders of Home Equity Mortgage Trust Series 2005-5, Home Equity Mortgage Pass-Through Certificates, Series 2005-5 ("Defendant") is the holder of the second-position Deed of Trust, who holds the second-position Note and Deed of Trust, and who presently services the second-position Note and Deed of Trust. Defendant holds the Note and Deed of Trust recorded against the

1 Subject Property purporting to secure a promissory note with a
2 total balance of $98,892.26 ("Second Deed of Trust"). The Note
3 provides for payment of attorney fees and costs to the prevailing
4 party in the event of litigation (*see* Exhibit 2: Proof of Claim 1).

5     13. Plaintiffs' confirmed Chapter 13 Plan provides that the
6 Second Deed of Trust shall be void and stripped upon completion of
7 the case. Pursuant to 11 U.S.C. § 506(a), as of the date of filing
8 of the underlying case, only the Senior Lien-Holder holds a secured
9 claim against the Subject Property (*see* Exhibit 3: Order Confirming
10 Plan).

11     14. Plaintiffs have completed their case, received a Final
12 Report, and subsequent Final Decree (*see* Exhibit 4: Final Decree).
13 Defendant has not released the lien, despite the fact that
14 Plaintiffs have requested the release of the lien. Plaintiffs bring
15 this action as a result of Defendant's failure to reconvey the
16 lien.

17     15. As there is no equity value in the Subject Property above
18 the first-position Note and Deed of Trust, the Deed of Trust held
19 by Defendant is wholly unsecured, i.e., the Second Deed of Trust is
20 not secured by the Subject Property and has no value (*see the*
21 *Granting of Motion to Value Collateral found in* Exhibit 3: Order
22 Confirming Plan).

23     16. On July 10, 2014, the Plaintiffs completed their Chapter
24 13 case, and received a Final Decree (*see* Exhibit 4).
25 //
26 //
27 //
28

//

**III. PARTIES**

17. Plaintiffs, Van and Kathleen Gordon, are debtors in the underlying bankruptcy, case number 09-22754-D-13L, and reside in the Subject Property located at 2187 Sherington Way Sacramento, California 95835.

18. Defendant, U.S. Bank N.A., in its capacity as Trustee for the registered holders of Home Equity Mortgage Trust Series 2005-5, Home Equity Mortgage Pass-Through Certificates, Series 2005-5, holds the Second Deed of Trust and Note, and presently services the Second Deed of Trust (*see* Exhibit 2).

**IV. CAUSES OF ACTION**

**FIRST CAUSE OF ACTION**

**Declaratory Relief to Determine Extent and Validity of Lien**

18. Plaintiffs incorporate all of the above paragraphs as set forth herein at length.

19. Plaintiffs allege that the Subject Property became property of the bankruptcy estate upon the filing of the petition which commenced the underlying Chapter 13 case.

20. An actual controversy exists between Plaintiffs and Defendant with respect to the validity, priority, and extent of liens or other interest in the Subject Property. Plaintiffs contend that the Deed of Trust held by Defendant has been satisfied and must be released, yet Defendant has refused to release the Second Deed of Trust.

21. Plaintiffs therefore seek a declaratory judgment pursuant to F.R.B.P. § 7001(9), invoking F.R.B.P. § 7001(2) & F.R.B.P. §

7001(6), determining that the Second Deed of Trust has been satisfied and that said Deed of Trust has no further force or effect.

22. As Defendant does not appear to honor the Court's order, Plaintiffs further seek that the value stated in the Order Granting Motion to Value the Subject Property, as attached in Exhibit #3, which ordered that the Defendant's Second Deed of Trust had a secured value of zero, is a final and non-appealable order.

23. Plaintiffs are informed and believe that the Second Deed of Trust is completely unsecured, and under applicable law has been determined to be a general unsecured claim.

24. Under applicable law, upon completion of Plaintiffs' Chapter 13 Plan, the Court has the authority to void the Second Deed of Trust.

25. Plaintiffs request that any such judgment contain language consistent with a Deed of Reconveyance, which should have been recorded by Defendant, that directs that title be reconveyed and restored to Plaintiffs which includes "all right, title, and interest" acquired by said Deed of Trust to Defendant related to the Second Deed of Trust they hold.

26. As Defendant has not taken any action to remove the Second Deed of Trust, it calls into question whether Defendant believes it has been satisfied and discharged. Therefore, Plaintiffs seek, pursuant to F.R.B.P. § 4007(a) & (b), a determination that the debt has been fully discharged and any security interest voided.

//

//

## SECOND CAUSE OF ACTION

### Extinguishment of the Second Deed of Trust Claim

27. Plaintiffs incorporate all of the above paragraphs as set forth herein at length.

28. Under applicable law, upon completion of Plaintiffs' Chapter 13 plan, the Court has the authority to extinguish the Second Deed of Trust.

29. Plaintiffs have completed their Chapter 13 Plan.

30. Defendant has not reconveyed the Second Deed of Trust via a Deed of Reconveyance, a process required under California Law. Plaintiffs thus request judgment from the Court to void Defendant's second-position Deed of Trust, recorded in Sacramento County on July 15, 2005, document numbers 200507152558 and 200507152559, in a form allowing for recording with the Sacramento County Recorder.

## THIRD CAUSE OF ACTION

### Monetary Damages for Violation of California Civil Code § 2941(d)

31. Plaintiffs incorporate all of the above allegations as set forth herein at length.

32. Plaintiffs completed their Chapter 13 Plan, which required the Defendant to reconvey the Second Deed of Trust on the Subject Property.

33. Defendant was placed on additional notice by the BNC's notification of the filing of the Trustee's Final Report after Plan confirmation.

34. In spite of Plaintiffs' full compliance with the Court-approved Chapter 13 Plan, Defendant failed and refused, and

continues to fail and refuse, to reconvey the Second Deed of Trust.

35. Defendant's actions in failing to release the Second Deed of Trust after it had been satisfied is a violation California Civil Code Section 2941(d).

36. California Civil Code § 2941(b)(1) requires that within 30 days after an obligation secured by a Deed of Trust has been satisfied, the beneficiary or the assignee, Defendant herein, shall execute and deliver a full reconveyance. This did not happen.

37. More than 30 days have elapsed from the date that the Plaintiffs received their discharge and Defendant has yet to reconvey the Second Deed of Trust.

38. Plaintiffs contend that their obligation under California Civil Code § 2941 was satisfied through the completion of their Plan and upon the receipt of Chapter 13 discharge thereafter.

39. Defendant has a history of refusing to reconvey Deeds of Trust required to be removed upon completion of Chapter 13 cases, and thereby it is commonplace that debtors are forced to file adversary proceeding to obtain reconveyances.

40. California Civil Code § 2941(d) provides that a violation of Civil Code § 2941 shall make the violator, the Defendant herein, liable to Plaintiffs for statutory penalty of $500.00.

41. As a proximate result of Defendant's failure and refusal to comply with the obligation to reconvey the Second Deed of Trust, Plaintiffs have been required to file an adversary proceeding, at substantial cost, which is a direct breach of Defendant's statutory duty and has damages Plaintiffs by this cost.

42. California Civil Code § 2941(d) provides that a violation

of Civil Code § 2941 shall make the violator, the Defendant herein, liable to Plaintiffs for all damages sustained by Plaintiffs.

43. Plaintiffs hereby request damages, as allowed for both in California Civil Code § 2941 and in the contract between the parties, equal to all attorney fees and costs they will sustain as a result of bringing an action to enforce California Civil Code § 2941, and a statutory penalty of $500.00.

### FOURTH CAUSE OF ACTION

### Breach of Contract

44. Plaintiffs incorporate all of the above allegations as set forth herein at length.

45. By and through the Second Deed of Trust and the Note, Plaintiffs and Defendant entered into a written contract, whereby the parties agreed that in the event of litigation, prevailing party shall be entitled to recover attorney fees and costs.

46. Defendant breached the terms of the contract when it failed to release its lien.

47. As a direct and proximate result of Defendant breaching the terms of the contract, Plaintiffs suffered damages.

### FIFTH CAUSE OF ACTION

### Attorney Fees and Costs

48. Plaintiffs incorporate all of the above allegations as set forth herein at length.

49. Plaintiffs are entitled attorney fees by statute, California Civil Code § 2941, and pursuant to the terms of the contract between the parties.

50. Defendant breached the terms of the contract when

1 Defendant failed to release its lien. By contract, the Note and
2 Second Deed of Trust contain an attorney fees and cost provision
3 for the benefit of Defendant (*see* Exhibit 1).

51. As such, under California Civil Code § 1717, a reciprocal contractual attorney fees statute, Plaintiffs are entitled to reimbursement of attorney fees.

52. By statute, pursuant to California Civil Code § 2941, Plaintiffs are entitled to attorney fees as the prevailing party in this action.

53. Therefore, Plaintiffs request an award of attorney fees in an amount the Court determines to be reasonable, as authorized by the provisions of the contract between the parties, and pursuant to the California statues cited herein.

**IV. REQUEST FOR JUDGMENTS AND ORDERS**

WHEREFORE, Plaintiffs pray for a judgment against Defendant as follows:

a. That the Court issue a judgment holding the Deed of Trust recorded by U.S. Bank to be an unsecured lien and therefore be treated as an unsecured claim;

b. That the Court issue a judgment holding that the Deed of Trust recorded by U.S. Bank is extinguished and has no further force and effect as a secured lien against the Plaintiffs' real property;

c. That the Court issue a judgment in a format allowed for recording that voids the Second Deed of Trust;

d. For attorney fees and costs as allowed for in the contract between Plaintiffs and Defendant, and pursuant

1 | to California Civil Code § 2941;
2 | e. For a statutory penalty of $500.00 pursuant to California
3 | Civil Code § 2941;
4 | f. For such other and further relief as the Court deems just
5 | and proper.
6 | Respectfully submitted,
7 |
8 | DATED: September 8, 2020     /s/Peter G. Macaluso
  | Peter G. Macaluso
9 | Attorney for Plaintiffs

-11-